IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIGUEL LOPEZ-VALDEZ, : | |
| : | |
| Petitioner : | |
| : | CIVIL ACTION NO. 3:19-CV-0644 |
| v. : | |
| : | (Judge Caputo) |
| D.K. WHITE, WARDEN, : | |
| : | |
| Respondent : | |

**M E M O R A N D U M**

Before the Court is a Petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (ECF No. 1), by Petitioner Miguel Lopez-Valdez, a federal inmate currently confined at the Allenwood Low Federal Correctional Institution in White Deer, Pennsylvania. Mr. Lopez-Valdez seeks to proceed *in forma pauperis.* (ECF No. 2.) Mr. Lopez-Valdez originally filed his petition before the United States District Court for the Southern District of Texas where he was criminally convicted. As Mr. Lopez-Valdez's petition attacks the manner in which his sentence is being carried out, it was transferred to this Court as he is incarcerated within the Middle District of Pennsylvania. Mr. Lopez-Valdez's petition seeks an immediate recalculation of his earned Good Conduct Time (GCT) credits based on the recent passage of the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (2018).

The petition is currently before the Court for preliminary review. For the reasons set forth below, Mr. Lopez-Valdez's motion to proceed *in forma pauperis* will be granted but his petition will be summarily dismissed.[1]

## I. STANDARD OF REVIEW

Mr. Lopez-Valdez claims the BOP incorrectly calculated his good time credits, i.e. his sentence, if successful, the remedy would be his speedier release from custody. Section 2241 allows a prisoner to challenge the execution of his sentence. *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005) (federal prisoner's challenge to reduction of time spent in a Residential Reentry Center cognizable under 28 U.S.C. § 2241). A District Court may correct an error by the BOP in the calculation of a federal sentence through a writ of habeas corpus. *See, e.g., Barden v. Keohane,* 921 F.2d 476, 479 (3d Cir.1990).

## II. BACKGROUND

A review of the Petition, as well as Mr. Lopez-Valdez's criminal conviction, available via PACER (the online national index providing public access to court electronic records), reveals that on July 22, 2005, Mr. Lopez-Valdez plead guilty to possession with intent to distribute a quantity exceeding 100 kilograms of marihuana, that is approximately 655 kilos, in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B). On November 1, 2005, in the United States District Court for the

---

[1] Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* R. Governing § 2254 Cases in the U.S. District Courts, applicable to § 2241 petitions through Rule 1(b); *Patton v. Fenton,* 491 F. Supp. 156, 158 – 59 (M.D. Pa. 1979).

Southern District of Texas, he received a sentence of 290 months' imprisonment for that conviction. *See United States v. Lopez*, No. 1:05-00042 (S.D. Tx.) (last visited 06/05/19). On May 29, 2009, the sentencing court reduced his sentence to 245 months' incarceration. On December 11, 2015, Mr. Lopez-Valdez's sentence was further reduced to 199 months' imprisonment.

According to Mr. Lopez-Valdez, and the Bureau of Prisons (BOP) Inmate Locator,[2] under the pre-FSA version of 18 U.S.C. § 3624, his projected release date is July 9, 2019. He challenges the BOP's refusal to immediately recalculate his sentence and correct his award of good conduct time credit in accordance with the FSA. Mr. Lopez-Valdez claims he would receive an additional 116 days of GCT under the FSA guidelines, advancing his projected release date to March 15, 2019.

On April 1, 2019, Mr. Lopez-Valdez submitted a request to the BOP to calculate his GCT award pursuant to the FSA. His case manager denied the request stating:

> Changes regarding Good Conduct Time are not effective at this time. Once initiated, this change may result in additional credit for inmates. It is not effective immediately, nor is it applicable to all inmates. Unit team will keep you advised as to any changes in the future.

(ECF No. 1 at 2.) Mr. Lopez-Valdez claims his filing of an administrative remedy c concerning this issue would be futile as "[t]here is no likelihood of a different outcome than the one the case manager has already given." (*Id.* at 2-3.) As relief, Petitioner seeks the Court to "order the BOP to recalculate [his] sentence in accordance with the FSA". (*Id.* at 8 – 9.)

---

[2] *See* https://www.bop.gov/inmateloc/ (last visited on Jun. 28, 2019).

## III. DISCUSSION

On December 21, 2008, President Trump signed the FSA into law. Section 102(b)(1) of the FSA amended 18 U.S.C. § 3624(b) increasing the amount of good time credit a federal inmate may earn per year of incarceration. Prior to the FSA's amendment of 18 U.S.C. § 3624(b), a federal inmate could earn a maximum of 47 days off their sentence per year for good behavior. Under the FSA amendments to 18 U.S.C. § 3624(b), the good time credit allowance has increased to 54 days for each year of the prisoner's term of imprisonment. *See* 18 U.S.C. § 3624(b)(1) and § 102(b) of the FSA. The statute also includes an effective-date provision.

> The amendments made by this subsection shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of chapter 299 of title 18, United States Code, as added by section 101(a) of this Act.

Section 102(b)(2) of the FSA. Section 101(a) of the FSA requires the Attorney General complete the "risk and needs assessment system" no later than 210 days after the enactment of the Act. As the FSA was signed into law on December 21, 2018, the amendments to 18 U.S.C. § 3624 shall not take effect until late-July 2019. Until then, Mr. Lopez-Valdez's claim that the BOP must immediately recalculate his good conduct time credits pursuant to the First Step Act is premature and without merit.[3] *See*

---

[3] Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). In this case, as Mr. Lopez-Valdez fails to present a cognizable habeas claim, the Court will dispense with addressing his conclusory argument that exhaustion of his claim would be futile given his case manager's response that the FSA is not yet in effect.

*Crittendon v. White*, No. 1:19-CV-669, 2019 WL 1896501, at *2 (M.D. Pa. Apr. 29, 2019) (summarily dismissing § 2241 petition seeking immediate recalculation of GCT under the FSA); *Hoenig v. United States*, No. 4:19-CV-374-Y, 2019 WL 2006695, at *2 (N.D. Tx. May 7, 2019) (same); *Villafane v. White*, No. 1:19-CV-702, 2019 WL 2343075 (M.D. Pa. Jun. 3, 2019) (summarily dismissing § 2241 petition seeking immediate application of FSA as premature and unexhausted as well as rejecting equal protection and due process claims).

### IV. CONCLUSION

For the foregoing reasons, Mr. Lopez-Valdez's motion to proceed *in forma pauperis* will be granted and his Petition for Writ of Habeas Corpus will be summarily dismissed without prejudice.

An appropriate order follows.

**Dated: June 28, 2019**  /s/ A. Richard Caputo
  **A. RICHARD CAPUTO**
  **United States District Judge**